OLMEDO, PETITIONER AND APPELLEE, *v.* REYES, OPPOSER AND
APPELLANT.

APPEAL from the District Court of Humacao in a Proceeding
for Approval of Partition.

No. 1658.—Decided July 10, 1917.

INHERITANCE — PARTITION — APPRAISEMENT — INCREASED   VALUE — EVIDENCE —
AFFIDAVIT.—A partition having been made on the basis of an appraisement
which was not attacked at the time it was made, it cannot be annulled later
on the sole ground that the appraisement was made eleven years before
and the value of the property appraised has notably increased, for the
approval of 'the partition should be considered as of the date on which it
was made and an affidavit of the opposer alone is not sufficient to show the
supposed increased value of the property.

The facts are stated in the opinion.

*Messrs. Díaz Navarro* and *Rivera Zayas* for the appellant.

*Mr. Francisco González* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

Obdulio Delgado Santana, the lawful husband of Cristina Olmedo, died on November 2, 1900, leaving a will executed on May 30 of the same year in which he named his daughters Petronila, Juana and Eloísa Delgado y Olmedo as his heirs in equal proportions, left $200 to Petronila as a special bequest, bequeathed $100 to the minors Teresa and María Luisa Villanueva from the third at his free disposal, and directed that the remainder of said third should be delivered to Providencia Reyes, mother of the minors Carmen and Narciso, for distribution between them.

On April 23, 1901, the widow, Cristina Olmedo, instituted. *ex parte* proceedings for the partition of the estate of Delgado Santana in accordance with the formalities of the former Code of Civil Procedure. On June 25 of the said year an inventory was made of the estate, consisting of a rural property of 75.50 *cuerdas* of land, a house built of native lumber and various heads of cattle. By an order of July 29, 1905, Tomás Carrera y Más was appointed commissioner for the division of the property left by the deceased′ and on September 14 of the same year, at a meeting held before the said commissioner at which Cristina Olmedo, in her own right and in representation of her minor daughters, and Providencia Reyes as residuary legatee of the third part of free disposal, were present, Cristina Olmedo named her brother, Lucas Olmedo, and Providencia Reyes named her neighbor, Juan Delgado, as appraisers of the estate of the deceased. These appraisers discharged their trust on November 15, 1905, and appraised the inventoried property at $1,104.50, which included the rural property of 75.50 *cuerdas* which was appraised at $755, or $10 the *cuerda.*

The partition having been made on the basis of the appraisement made and it being impossible to satisfy the legacy of Providencia Reyes, the partition was submitted to the court for approval on January 30, 1906. On October 16, 1916, the parties stipulated that Providencia Reyes, in representation of her children, should be allowed to file a written objection to the plan of partition of the hereditary estate submitted by the commissioner.

On November 27, 1916, Providencia Reyes filed a verified motion objecting to the approval of the partition on the ground that the rural property, with the house thereon, had been appraised eleven years ago at $805, whereas its present value was $5,000, and that, therefore, a new appraisement of the property should be made according to which the partition of the estate should be made and the debts and legacies paid.

The motion was overruled by an order of February 12, 1917, by which the court approved the inventory, appraisement, liquidation and partition of. the estate left by Obdulio Delgado Santana at his death, which partition should be protocoled in the notarial office of Attorney Francisco González Fagundo.

Providencia Reyes, in representation of her minor children, appealed from the said order to this court, alleging in support of her appeal that the appraisement of the rural property in question at $755, made more than eleven years ago, when its present value at the time of consummating the partition is $5,000, cannot serve as a basis for the partition made which has deprived the appellant's minor children of the legacy left them by the testator and fails to comply with the latter's wishes.

The approval of the partition of the estate of Obdulio Delgado Santana must be considered as of the date on which it was made, and if on that date it was not fatally defective, we do not see how it can be annulled now for a reason that did not exist at the time it was made, inasmuch as it is not claimed that there was any error in the appraisement at that time.

As a matter of fact, one of the appraisers who made the appraisement was named by Providencia Reyes in representation of her children.

If after the approval of a partition the value of the property involved should increase, the partition certainly cannot be annulled on that ground alone. Nor can an appraisement which was deemed just when it was made be annulled for no other reason than that pleaded by the appellant.

Moreover, Providencia Reyes has not attempted to show that the rural property in question is now worth the $5,000 at which she values it; and although she alleges this under oath, her oath alone is not sufficient to make her statement unassailable, referring as it does to an opinion of the appellant and not to a fact known to her of her own knowledge.

Although the value of real property may have increased considerably in recent years—and this may be granted as a general proposition—it cannot be held that a specific property has shared in such increase in value. It might be that if a new appraisement of the property in question were ordered its value would not be found to be greater than that at which it was appraised, and, therefore, such an order would serve no practical purpose.

The order appealed from must be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.